UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kenneth O'Brian Gatlin,                                    Case No. 3:12-cr-362

      Petitioner - Defendant,

v.                                                         MEMORANDUM OPINION
                                                           AND ORDER

United States of America,

      Respondent - Plaintiff.

Petitioner Kenneth O'Brian Gatlin filed a motion for relief under 28 U.S.C. § 2255, arguing his sentence should be vacated because it was improperly increased pursuant to the residual clause of the career offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.2(a). (Doc. No. 18). Section 2255 permits a defendant to challenge the sentence he received through a claim that the defendant's sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

Gatlin's § 2255 motion was based upon a colorable premise at the time it was filed – the Sixth Circuit's application of *Johnson v. United States*, 135 S. Ct. 2551 (2015), to the Guidelines' residual clause in *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016). In *Pawlak*, the Sixth Circuit concluded, consistent with the judgments of nearly every other circuit court of appeals, that *Johnson* rendered the Guidelines' residual clause unconstitutionally vague because that clause contained the same language as the residual clause of the Armed Career Criminal Act that the Supreme Court struck down in *Johnson*. *Id.* at 911.

The landscape changed, however, when the Supreme Court issued its decision in *Beckles v. U.S.*, 137 S. Ct. 886 (2017). The *Beckles* Court held the Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause, because the Guidelines are advisory rather than mandatory. *Id.* What was an open question at the time Gatlin filed his § 2255 motion – whether *Pawlak* applied retroactively – now is closed. For this reason, Gatlin's § 2255 motion for relief is denied, (Doc. No. 18), and Gatlin's motion for appointment of counsel to assist on his § 2255 action is denied, as moot. (Doc. No. 23).

Remaining is Gatlin's motion for consideration of the Second Chance Act of 2007. (Doc. No. 24). The Second Chance Act provides,

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). In this case, Gatlin is currently scheduled to be released on April 13, 2021 – more than twelve months from today's date. Therefore, the Bureau of Prisons could not release to a hallway house at this time. Further, as argued by the government, (Doc. No. 25), even if Gatlin was eligible for this relief at this time, Gatlin must exhaust administrative procedures, giving the Bureau of Prisons the opportunity to grant or deny his request to be placed in a halfway house, before petitioning the court for this relief. *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001). Because he is ineligible at this time and has not exhausted administrative procedures, Gatlin's motion for consideration of the Second Chance Act is denied. (Doc. No. 24).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge